UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Sarah Fogel,<br>individually and on behalf of all others similarly situated,<br>Plaintiff(s)<br>-v.-<br>Enhanced Recovery Company, LLC, d/b/a ERC,<br><br>Defendant(s). | Case No: 7:22-cv-1870<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Sarah Fogel ("Plaintiff"), brings this Class Action Complaint by and through her attorneys, Stein Saks, PLLC, against Defendant Enhanced Recovery Company, LLC d/b/a ERC ("Defendant ERC"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

**INTRODUCTION/PRELIMINARY STATEMENT**

1. The Fair Debt Collection Practices Act ("FDCPA") was enacted in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). This was because "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." Id. The Act concluded that "existing laws…[we]re inadequate to protect consumers," and that "'the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. The purpose of the Act was not only to eliminate abusive debt collection practices, but also to ensure "that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." Id. § 1692(e). After determining that the existing consumer

protection laws were inadequate. Id. § 1692(b), the Act gave consumers a private cause of action against debt collectors who fail to comply with it. Id. § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq.  The Court has pendent jurisdiction over state law claims, if any, in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where the Plaintiff resides as well as a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of New York consumers located in the Southern District under § 1692 et seq. of Title 15 of the United States Code, also known as the Fair Debt Collections Practices Act ("FDCPA"), and

6. Plaintiff is seeking damages and declaratory relief.

## PARTIES

7. Plaintiff is a resident of the State of New York, County of Orange.

8. Defendant ERC is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA.

9. Upon information and belief, Defendant ERC is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due to itself or another.

10. Among other services, ERC is in the business of providing collection services on behalf of its customers, and that it uses the mail and telephone in doing so.

## CLASS ALLEGATIONS

11. Plaintiff brings this claim on behalf of the following class, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

12. The Class consists of all individuals:

    a. with addresses in the State of New York located within the Southern District;

    b. to whom Defendant ERC sent a letter;

    c. attempting to collect a consumer debt;

    d. on behalf of Barclays Bank Delaware;

    e. in three subclasses where the letter states that:

        i. the amount of interest accrued is "$0.00" although the balance actually includes interest charged on the account by the original creditor;

        ii. the amount of "Non-interest Charges and Fees" is "$0.00" although the balance actually includes non-interest charges or other fees charged on the account by the original creditor; or

        iii. payments made is "$0.00" although the listed balance incorporates payments that were made to the original creditor on the account; and

    f. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action.

13. The identities of all class members are readily ascertainable from the records of Defendant and those companies and entities on whose behalf it attempts to collect and/or has purchased debts.

14. Excluded from the Plaintiff Class are the Defendant and all officers, members, partners, managers, directors and employees of the Defendant and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

15. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the form attached as Exhibit A, violate 15 U.S.C. §§ 1692e, 1692f, and 1692g.

16. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

17. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   a. **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

   b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the form attached as Exhibit A violate 15 U.S.C. §§ 1692e, 1692f, and 1692g.

    c. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

    d. **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

    e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

18. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

19. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

20. Plaintiff repeats the above allegations as if set forth here.

21. Some time prior to March 5, 2021, Plaintiff allegedly incurred an obligation to non-party Barclays Bank Delaware ("Barclays").

22. The obligation arose out of a transaction in which money, property, insurance, or services of the subject transactions were incurred for personal purposes, specifically a JetBlue Card.

23. The alleged Barclays obligation is a "debt" as defined by 15 U.S.C.§ 1692a (5).

24. Barclays is a "creditor" as defined by 15 U.S.C.§ 1692a (4).

25. The debt was placed with ERC for collection by its customer, Barclays, for collection thereon.

26. The debt was allegedly overdue at the time it was placed with ERC by Barclays.

27. Defendant ERC collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

*Violation – March 5, 2021 Collection Letter*

28. On or about March 5, 2021, ERC sent Plaintiff a collection letter, a copy of which is attached as Exhibit A.

29. The letter states that the "Original Balance" and "Amount of Debt" are both $4,602.25.

30. It further provides that the amount of "Interest Accrued" and "Non-interest Charges & Fees" are each $0.00.

31. This means, according to the Letter, that there is no amount owed for interest or fees.

32. The Letter also states the amount of payments as "$0.00".

33. Upon information and belief, the $4,602.25 includes interest.

34. The interest was added by Barclays.

35. ERC was attempting to collect that interest from Plaintiff in its Letter.

36. Upon information and belief, the $4,602.25 includes fees.

37. The fees were added by Barclays.

38. ERC was attempting to collect those fees from Plaintiff in its Letter.

39. Plaintiff also made payment(s) on this account.

40. The payments were made to Barclays.

41. Yet the Letter states that "$0.00" of payments were made.

42. The $4,602.25 balance has been impacted by interest, fees, and/or payments(s).

43. The interest, fees, or payments were added, or made, either prior to the account being referred to ERC for collection, or subsequent.

44. It is therefore false, deceptive, misleading, and unfair to state $0.00 for "Interest Accrued", "Non-interest Charges & Fees", and/or "Payments".

45. One or more of the amounts stated in the letter are false.

46. Plaintiff was therefore unable to evaluate how much is truly being alleged as the correct balance, while also being misled at to the total owed and what amounts comprise that alleged total, and cannot properly evaluate the demand for payment or how to address it.

47. Defendant's actions caused Plaintiff to suspect there was fraud involved with this collection.

48. Plaintiff was therefore unable to make any payments on the alleged debt.

49. The funds Plaintiff could have used to pay the alleged debt, in whole or part, were therefore spent elsewhere.

50. Because of Defendant's improper acts, Plaintiff expended time, money, and effort in determining the proper course of action.

51. Plaintiff would have pursued a different course of action were it not for Defendant's violations.

52. In addition, Plaintiff suffered emotional harm due to Defendant's improper acts.

53. These violations by Defendant were knowing, willful, negligent and/or intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violations.

54. Defendant's collection efforts with respect to this alleged debt from Plaintiff caused Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides Plaintiff with the legally protected right to be not to be misled or treated unfairly with respect to any action for the collection of any consumer debt.

55. Defendant's deceptive, misleading and unfair representations with respect to its collection efforts were material misrepresentations that affected and frustrated Plaintiff's ability to intelligently respond to Defendant's collection efforts because Plaintiff could not adequately respond to Defendant's demand for payment of this debt.

56. Defendant's actions created an appreciable risk to Plaintiff of being unable to properly respond or handle Defendant's debt collection.

57. Plaintiff was confused and misled to her detriment by the statements in the dunning letter, and relied on the contents of the letter to her detriment.

58. In addition, Plaintiff incurred an informational injury as Defendant misstated and mischaracterized the amount of the debt.

59. Congress is empowered to pass laws and is well-positioned to create laws that will better society at large.

60. As it relates to this case, Congress identified a concrete and particularized harm with a close common-law analogue to the traditional tort of fraud.

61. Plaintiff has a right to receive proper notice of the amount of debt due and in the context of validation letters, a right to receive proper notice of the nature of her debt.

62. Defendant failed to effectively inform Plaintiff regarding the right to collect a debt in the amounts stated, in violation of statutory law, and Defendant has harmed Plaintiff.

63. As a result of Defendant's deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

## COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692e *et seq.*

64. Plaintiff repeats the above allegations as if set forth here.

65. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

66. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

67. Defendant violated said section by improperly stating the amounts, as described above, in violation of §§ 1692e, 1692e (2), and 1692e (10).

68. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692f *et seq.*

69. Plaintiff repeats the above allegations as if set forth here.

70. Alternatively, Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

71. Pursuant to 15 U.S.C. §1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

72. Defendant violated this section by improperly stating the amounts, as described above.

73. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692f et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT III
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692g *et seq.*

74. Plaintiff repeats the above allegations as if set forth here.

75. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

76. Pursuant to 15 U.S.C. § 1692g, within five days of an initial communication, a debt collector must send written notice of the amount of the debt.

77. Defendant violated this section by failing to properly and clearly state the amount of the debt owed.

78. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692g et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

79. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Sarah Fogel, individually and on behalf of all others similarly situated, demands judgment from Defendant ERC, as follows:

a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Tamir Saland, Esq., as Class Counsel;

b) Awarding Plaintiff and the Class statutory damages;

c) Awarding Plaintiff and the Class actual damages;

d) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

e) Awarding pre-judgment interest and post-judgment interest; and

f) Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.


Dated: March 4, 2022                    Respectfully submitted,

                                        Stein Saks, PLLC

                                        By: s/ Tamir Saland
                                        Tamir Saland, Esq.
                                        One University Plaza, Suite 620
                                        Hackensack, NJ, 07601
                                        P. (201) 282-6500
                                        F. (201) 282-6501
                                        tsaland@SteinSaksLegal.com

                                        *Attorneys for Plaintiff*