UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
SARAH FOGEL, individually and on behalf of  :
all others similarly situated,              :
               Plaintiff,                 :
                                         :   **OPINION AND ORDER**
v.                                          :
                                         :   22 CV 1870 (VB)
ENHANCED RECOVERY COMPANY, LLC,             :
d/b/a ERC,                                  :
               Defendant.                 :
--------------------------------------------------------------x

Briccetti, J.:

       Plaintiff Sarah Fogel brings this putative class action against defendant Enhanced Recovery Company, LLC ("ERC"), alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 et seq.

       Now pending is ERC's motion to dismiss the complaint pursuant to Rule 12(b)(6) for failure to state a claim. (Doc. #10).

       For the reasons set forth below, the motion is GRANTED.

       The Court has subject matter jurisdiction under 28 U.S.C. § 1331.

## BACKGROUND

       For the purpose of ruling on the pending motion, the Court accepts as true all well-pleaded factual allegations in the complaint and draws all reasonable inferences in plaintiff's favor, as summarized below.

       Plaintiff received a debt collection letter from ERC dated March 5, 2021.[1] The letter indicates plaintiff had an outstanding balance on an account with Barclays Bank Delaware

---

[1] In considering a motion to dismiss, "a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." DiFolco v. MSNBC Cable L.L.C., 622 F.3d 104, 111 (2d Cir.

("Barclays"). The letter lists the "Amount of Debt" and "Original Balance" as $4,602.25, and the amount of "Interest Accrued," "Non-interest Charges and Fees," and "Payments to Date" as $0.00. (Doc. #1-1). The letter provides that upon ERC's receipt of a payment in the amount of $4,6025.25, plaintiff's account would be considered paid in full. (Id.). The letter describes the following mechanism to dispute the validity of the debt:

> Unless you dispute the validity of the debt, or any portion thereof, within thirty (30) days after receipt of the notice, the debt will be assumed to be valid by us.
>
> If you notify our office below in writing within the thirty-day period that the debt, or any portion thereof is disputed, we will obtain verification of the debt or a copy of any judgment that may be of record against you. We will mail the verification or copy of the judgment to you.

(Id.).

Plaintiff alleges the $4,602.25 amount includes interest and fees added to her principal debt by Barclays, as well as deductions for payments she previously made to Barclays towards the balance. Thus, she alleges the statements in the letter that the amount of interest and fees charged is $0.00, and that the amount of payments made is $0.00, are false and misleading in violation of the FDCPA.

## DISCUSSION

I.   Standard of Review

In deciding a Rule 12(b)(6) motion, the Court evaluates the sufficiency of the operative complaint under the "two-pronged approach" articulated by the Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).[2] First, a plaintiff's legal conclusions and "[t]hreadbare recitals

---

2010). Because the March 5, 2021, debt collection letter is attached as Exhibit A to the complaint, the Court will consider the letter.

[2]   Unless otherwise indicated, case quotations omit all internal citations, quotations, footnotes, and alterations.

of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the assumption of truth and are thus not sufficient to withstand a motion to dismiss. Id. at 678; Hayden v. Paterson, 594 F.3d 150, 161 (2d Cir. 2010). Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 556 U.S. at 679.

To survive a Rule 12(b)(6) motion, the allegations in the complaint must meet a standard of "plausibility." Ashcroft v. Iqbal, 556 U.S. at 678; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 564 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 556).

II.   FDCPA Claims

Plaintiff alleges ERC's letter violates the FDCPA because it misrepresents the amount and nature of plaintiff's debt.

   A.   Legal Standard

The purpose of the FDCPA is to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). The Second Circuit has "consistently interpreted the statute with these congressional objects in mind." Avila v. Riexinger & Assocs., LLC, 817 F.3d 72, 75 (2d Cir. 2016).

of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the assumption of truth and are thus not sufficient to withstand a motion to dismiss. Id. at 678; Hayden v. Paterson, 594 F.3d 150, 161 (2d Cir. 2010). Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 556 U.S. at 679.

To survive a Rule 12(b)(6) motion, the allegations in the complaint must meet a standard of "plausibility." Ashcroft v. Iqbal, 556 U.S. at 678; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 564 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 556).

II.   FDCPA Claims

Plaintiff alleges ERC's letter violates the FDCPA because it misrepresents the amount and nature of plaintiff's debt.

   A.   Legal Standard

The purpose of the FDCPA is to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). The Second Circuit has "consistently interpreted the statute with these congressional objects in mind." Avila v. Riexinger & Assocs., LLC, 817 F.3d 72, 75 (2d Cir. 2016).

Claims of FDCPA violations are evaluated under "an objective standard, measured by how the 'least sophisticated consumer' would interpret the notice received from the debt collector." Russell v. Equifax A.R.S., 74 F.3d 30, 34 (2d Cir. 1996). "[T]he test is how the least sophisticated consumer—one not having the astuteness of a 'Philadelphia lawyer' or even the sophistication of the average, everyday, common consumer—understands the notice he or she receives." Id. Still, the least sophisticated consumer is "presumed to possess a rudimentary amount of information about the world and a willingness to read a collection notice with some care." Clomon v. Jackson, 988 F.2d 1314, 1319 (2d Cir. 1993). "[C]ollection notices can be deceptive if they are open to more than one reasonable interpretation, at least one of which is inaccurate." Id.

Under this standard, a collection notice may violate the FDCPA when it is sufficiently ambiguous to give rise to a reasonable, but inaccurate, interpretation. To assess the validity of an FDCPA claim, a court should review a debt collection letter in its entirety. McStay v. I.C. Sys., Inc., 308 F.3d 188, 191 (2d Cir. 2002).

The Second Circuit has "made clear that in crafting a norm that protects the naive and the credulous the courts have carefully preserved the concept of reasonableness." McStay v. I.C. Sys., Inc., 308 F.3d at 190-91. The least sophisticated consumer standard reflects the important balance between the need to protect consumers from deceptive and abusive collection practices and the need to protect debt collectors from liability based on unreasonable interpretations of collection letters. Clomon v. Jackson, 988 F.2d at 1319–20. "Accordingly, FDCPA protection does not extend to every bizarre or idiosyncratic interpretation of a collection notice and courts should apply the standard in a manner that protects debt collectors against liability for

unreasonable misinterpretations of collection notices." Easterling v. Collecto, Inc., 692 F.3d 229, 233–34 (2d Cir. 2012).

When "an FDCPA claim is based solely on the language of a letter to a consumer, the action may properly be disposed of at the pleadings stage." De La Cruz v. Fin. Recovery Servs., Inc., 2019 WL 4727817, at *3 n.5 (S.D.N.Y. Mar. 28, 2019).

B.      Section 1692e Claims

ERC argues the letter is not deceptive or misleading in violation of Section 1692e because the itemization showing $0.00 in interest, charges, fees, and payments on plaintiff's account could not reasonably refer to pre-charge-off amounts,[3] and that, even if this statement were misleading, such misstatement would be immaterial.

The Court agrees.

Section 1692e prohibits the use of "false, deceptive, or misleading representation[s] or means in connection with the collection of any debt," and contains a non-exhaustive list of sixteen proscribed acts. As relevant to this case, subsections (2)(A) and (10) prohibit, respectively, "[t]he false representation of the character, amount, or legal status of any debt," and "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt." However, "not every technically false representation by a debt collector amounts to a violation of the FDCPA." Cohen v. Rosicki, Rosicki & Assocs., 897 F.3d 75, 85 (2d Cir. 2018). Instead, "as a natural corollary to the least sophisticated consumer test, only material errors violate Section 1692e." Bryan v. Credit Control, LLC, 954 F.3d 576, 582 (2d Cir. 2020). "The materiality inquiry focuses on whether the false statement would frustrate a consumer's ability to intelligently choose his or her response," for example, by misleading the consumer as to the

---

[3]     The "charge-off" refers to the transfer of the debt from Barclays to ERC for collection.

5

debt's status or impeding the consumer's ability to respond to or dispute collection. Cohen v. Rosicki, Rosicki & Assocs., 897 F.3d at 86.

Here, plaintiff argues the $0.00 itemizations for interest, charges, fees, and payments set forth in the letter are misleading because they suggest no interest and fees accrued on plaintiff's balance before charge-off, and do not reflect that plaintiff made payments towards the balance before charge-off.

However, reading the letter in its entirety, and considering the least sophisticated consumer standard, it is unreasonable to interpret these $0.00 itemizations as referring to interest and fees added by Barclays, and payments made by plaintiff towards the account, before the debt was transferred to ERC for collection. "[S]tatements in the collection letter should be interpreted as relating to the relationship between the debtor and the collection agency," not the relationship between the debtor and the creditor. Cole v. Stephen Einstein & Associates, P.C., 365 F. Supp. 3d 319, 328–31 (W.D.N.Y. 2019) (collection letter stating "CHARGES OR FEES: $ 0.00" could not reasonably be read as referring to charges or fees incurred before the account was charged-off). In other words, "to view the itemization of 'Charges or Fees,' identified as $ 0.00, to include the charges or fees imposed before the account was charged off . . . would require the consumer to interpret the Letter as if it was sent by the creditor, not the debt collector, and to believe that the balance listed was that between himself and the creditor, not the debt collector— the entity seeking to collect on his debt." Id.

Accordingly, "[b]ecause statements in the collection letter should be interpreted as relating to the relationship between the debtor and the collection agency, the least sophisticated consumer would reasonably be able to conclude that the 'charges or fees' did not refer to the charges or fees that had accumulated pre-charge off, but referred to those accruing after that

point in time." Cole v. Stephen Einstein & Associates, P.C., 365 F. Supp. 3d at 331; see also Wahl v. Midland Credit Management, Inc., 556 F.3d 643, 646 (7th Cir. 2009) (debt collector did not violate 1692e when the "principal balance" amount listed in the collection letter included interest accrued before charge-off, because the "principal balance" is the starting amount the debt collector seeks, including interest charged by the prior creditor).

The Court is not persuaded that the Eastern District of New York case law cited by plaintiff supports her claims. (Doc. #19 ("Pl. Mem.") at ECF 6–11, 15).[4] Three of the cases involved debt collection letters listing non-zero amounts for post-charge-off interest or fees, which each court determined falsely implied interest or other fees could be accruing. Leitner v. Client Servs., Inc., 2020 WL 3489482, at *3–4 (E.D.N.Y. June 26, 2020); Madorskaya v. Frontline Asset Strategies, LLC, 2020 WL 423408, at *6 (E.D.N.Y. Jan. 27, 2020); Meola v. Asset Recovery Sols., LLC, 2018 WL 5020171 at *3–4 (E.D.N.Y. Aug. 15, 2018). Not so here. The letter plaintiff received indicates ERC has not assessed interest or other fees, and states plaintiff's "account will be considered paid in full" upon receipt of the original balance. (Doc. #1-1 at ECF 2). Therefore, the letter does not falsely imply that interest or other fees are accruing. Two other cases upon which plaintiff relies, Shahin v. Client Services, Inc., 2020 WL 1536251, at *2 (E.D.N.Y. Mar. 30, 2020), and McAdams v. Stoneleigh Recovery Assocs., LLC, 2018 WL 7982269, at *4 (E.D.N.Y. Sept. 27, 2018), held only that collection letters which itemized accruals "since charge-off" were not misleading; they did not hold that an itemization would be misleading if it did not expressly state the interest and fees accrued "since charge-off."

---

[4] "ECF __" refers to page numbers automatically assigned by the Court's Electronic Case Filing system.

Nor is the Court persuaded that a collection letter is misleading unless it breaks down the interest and charges assessed, and payments made, on the underlying debt. (Pl. Mem. at ECF 12–13.). Plaintiff's reliance on Fields v. Wilber Law Firm, P.C., 383 F.3d 562 (7th Cir. 2004), is misplaced, particularly in light of the Seventh Circuit's analysis in Wahl v. Midland Credit Management, Inc., 556 F.3d 643, 646 (7th Cir. 2009) ("Granted, Midland could have elected to go a step further, disclosing the components of the debt it acquired – such as what Wahl charged on the card versus the interest and late fees levied by [the creditor] – but it wasn't a matter of compulsion."). And plaintiff cites no Second Circuit case law in support of her argument.

Accordingly, plaintiff has failed plausibly to plead ERC's letter would be deceptive or misleading to the least sophisticated consumer.

In any event, even if plaintiff had plausibly alleged the $0.00 itemizations in the letter could reasonably be interpreted as inaccurate, the Court finds any alleged misstatements were not material. See Bryan v. Credit Control, LLC, 954 F.3d 576, 582 (2d Cir. 2020).

In Gissendanner v. Enhanced Recovery Co., LLC, 793 F. App'x 5 (2d. Cir. 2019) (summary order), the court rejected a Section 1692e claim based upon nearly identical language in a collection letter ERC sent to another consumer, concluding "where the debt is static, it is immaterial whether ["N/A" itemizations of interest, charges, and payments] in this debt collection notice could be understood to mean that the underlying debt never accrued interest prior to placement in collections or that any accrued interest was forgiven, or to mean that the debt is not presently accruing interest in collections." Id. at 7–8.[5]

---

[5] The fact that Gissendanner v. Enhanced Recovery Co., LLC is a summary order is irrelevant, as the Court finds the Second Circuit's reasoning persuasive and applicable to the instant case. Likewise, the Court is not persuaded by plaintiff's argument that the use of "N/A" in the itemizations in the debt collection letter in Gissendanner, instead of "$0.00" as used in the present case, meaningfully distinguishes Gissendanner.

Likewise here, ERC's $0.00 itemizations, even if they could be subject to multiple interpretations as to whether interest, fees, or payments were ever applied to the debt, would not impede the least sophisticated consumer's "ability to respond to or dispute collection." Cohen v. Rosicki, Rosicki & Assocs., 897 F.3d at 86.

Plaintiff's allegation that these itemizations led her to suspect fraud do not make these statements material. The letter set forth a mechanism for plaintiff to verify the debt and listed the original creditor. The least sophisticated consumer, suspecting potential fraud and reading the letter "with some care," Clomon v. Jackson, 988 F.2d 1314, 1319 (2d Cir. 1993), could follow the verification process outlined in the letter or ask the original creditor to confirm the collection notice was legitimate. Thus, because these itemizations, even if misleading, would not "frustrate a consumer's ability to intelligently choose his or her response," they are not material and thus not actionable under 1692e. Cohen v. Rosicki, Rosicki & Assocs., 897 F.3d at 86.

Accordingly, because plaintiff fails plausibly to allege ERC's debt collection practices were deceptive or misleading or that any misstatements were material, her Section 1692e claims must be dismissed.

  C. <u>Section 1692f Claim</u>

ERC argues plaintiff has not plausibly alleged any unfair or unconscionable conduct in violation of Section 1692f because she has not identified any conduct distinct from the itemizations in the letter which are not misleading and, in any event, immaterial.

The Court agrees.

Section 1692f provides a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt," and sets forth a non-exhaustive list of eight proscribed practices. "[H]owever, conduct that may be deemed unfair or unconscionable" under Section

9

1692f is not limited to the list of eight proscribed acts; "[i]nstead, Section 1692f allows the court to sanction improper conduct that the FDCPA fails to address specifically." Foti v. NCO Fin. Sys., Inc., 424 F. Supp. 2d 643, 667 (S.D.N.Y. 2006).

Here, plaintiff does not allege ERC committed any of the eight proscribed practices. Instead, plaintiff claims ERC violated Section 1692f by "improperly stating the amounts" of interest, fees, and payments. (Compl. ¶ 72). However, because ERC's "collection letter is not 'misleading' within the meaning of Section 1692e, it is not 'unfair' or 'unconscionable' within the meaning of Section 1692f." De La Cruz v. Fin. Recovery Servs., Inc., 2019 WL 4727817, at *7.

Accordingly, plaintiff's Section 1692f claim must be dismissed.

D.   Section 1692g Claim

Finally, ERC argues plaintiff has not plausibly alleged it violated Section 1692g because the letter clearly states the amount of plaintiff's debt.

The Court agrees.

Section 1692g requires a debt collector to communicate certain information to a debtor when attempting to collect a debt, including the amount of the debt. See 15 U.S.C. § 1692g(a). Not only must the debt collector communicate the required information, it must also convey it "clearly." See Jacobson v. Healthcare Fin. Servs., Inc., 516 F.3d 85, 90 (2d Cir. 2008).

Claims under Section 1692g are evaluated under the same "least sophisticated consumer" standard that applies to claims under Section 1692e(10). Papetti v. Rawlings Fin. Servs., LLC, 121 F. Supp. 3d 340, 353 (S.D.N.Y. 2015). Thus, the collection notice must enable "the least sophisticated consumer to determine the minimum amount she owes at the time of the notice, what she will need to pay to resolve the debt at any given moment in the future, and an

explanation of any fees and interest that will cause the balance to increase." Carlin v. Davidson Fink LLP, 852 F.3d 207, 216 (2d Cir. 2017).  "[E]ven if a debt collector accurately conveys the required information, a consumer may state a claim if she successfully alleges that the least sophisticated consumer would inaccurately interpret the message."  Id.

      Here, the collection letter clearly and accurately states the information required under 1692g.  The "amount of the debt" that must be clearly conveyed in a collection letter is the debt owed to and sought by the collector.  Cole v. Stephen Einstein & Associates, P.C., 365 F. Supp. 3d 319, 328–29 (W.D.N.Y. 2019); Barnes v. Advanced Call Ctr. Techs., LLC, 493 F.3d 838, 840 (7th Cir. 2007) ("[T]he 'amount of the debt' must be that owed to the [collector], meaning the amount past due.  Whatever may be owed to [the original creditor ] . . . is of no consequence to this case.").  ERC's letter lists the "amount of the debt" as $4,602.25, states paying $4,602.25 will resolve the debt in full, and does not suggest fees or interest will cause the balance to increase.  See Carlin v. Davidson Fink LLP, 852 F.3d at 216.  The complaint lacks well-pleaded factual allegations indicating these statements are false, and the Court is not persuaded the itemizations would mislead the least sophisticated consumer as to the nature of the debt.

      Accordingly, because plaintiff has not alleged ERC's letter failed clearly to state the amount of plaintiff's debt, her Section 1692g claim must be dismissed.

## CONCLUSION

The motion to dismiss is GRANTED.

The Clerk is instructed to terminate the motion (Doc. #10) and close this case.

Dated: November 16, 2022
       White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge